UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JASON MOLINA,

                            Plaintiff,

                  -against-

THE CITY OF NEW YORK, DET. ALFREDO
HIDALGO, Shield # 4445, Individually and in his
Official Capacity, DET. MATTHEW REGINA, Shield
No. 2389, Individually and in his Official Capacity, and
P.O.'s "JOHN DOE" #1-10, Individually and in their
Official Capacity (the name John Doe being fictitious, as
the true names are presently unknown),

                            Defendants.

------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**


**10 CV 1370**

**JURY TRIAL DEMANDED**

**ECF CASE**


        Plaintiff JASON MOLINA by his attorneys, Cohen & Fitch LLP, complaining of

the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of

his civil rights, as said rights are secured by said statutes and the Constitutions of the

State of New York and the United States.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988,

and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter

pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff JASON MOLINA is a Hispanic American male, a citizen of the

United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation

duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the New

York State Criminal Procedure Law, acting under the direction and supervision of the

aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned the individually named defendants

DET. ALFREDO HIDALGO, Shield # 4445 and P.O.'s  "JOHN DOE" #1-10 were duly

sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about February 20, 2007, at approximately 4:00 p.m., plaintiff was lawfully present in the vicinity of Columbia Street on the Lower Eastside of Manhattan, in the County of New York, in the City and the State of New York.

14.     Defendant police officers immediately approached plaintiff, grabbed him and handcuffed him with his arms behind his back.

15.     Thereafter, defendants searched plaintiff but did not find any contraband or any evidence of illegal activity within plaintiff's possession or control.

16.     Notwithstanding the lack of any drug-related evidence found on plaintiff JASON MOLINA, defendants arrested plaintiff and charged him with Criminal Possession of a Controlled Substance in the Seventh Degree.

17.     At no time had plaintiff JASON MOLINA possessed, controlled or sold any narcotics on February 20, 2007.

18.     In connection with the arrest, defendants filled out false and misleading police reports and forwarded said reports to prosecutors in the District Attorney's Office.

19.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

20.     As a result of this unlawful arrest, plaintiff JASON MOLINA spent approximately three (3) days in custody and approximately four (4) months making numerous court appearances in connection with these charges, before all of the charges were dismissed on June 4, 2007.

21.     As a result of the foregoing, plaintiff JASON MOLINA sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

30.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants misrepresented and falsified evidence before the District Attorney.

33.     Defendants did not make a complete and full statement of facts to the District Attorney.

34.     Defendants withheld exculpatory evidence from the District Attorney.

35.     Defendants were directly and actively involved in the initiation of criminal proceedings against JASON MOLINA.

36.     Defendants lacked probable cause to initiate criminal proceedings against JASON MOLINA.

37.     Defendants acted with malice in initiating criminal proceedings against JASON MOLINA.

38.     Defendants were directly and actively involved in the continuation of criminal proceedings against JASON MOLINA.

39.     Defendants lacked probable cause to continue criminal proceedings against JASON MOLINA.

40.     Defendants acted with malice in continuing criminal proceedings against JASON MOLINA.

41.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

42.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in JASON MOLINA' favor on or about June 4, 2007 when all charges against him were dismissed.

43.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants issued legal process to place plaintiff under arrest.

46.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

47.     Defendants acted with intent to do harm to plaintiff, without excuse or justification.

48.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and he was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50.     Defendants created false evidence against plaintiff JASON MOLINA.

51.     Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

52.     Defendants misled the prosecutors by creating false evidence against plaintiff JASON MOLINA and thereafter providing false testimony throughout the criminal proceedings.

53.     In creating false evidence against plaintiff JASON MOLINA, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56.     Defendants arrested and incarcerated plaintiff JASON MOLINA in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

57.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;

> ii. arresting innocent persons wrongfully apprehended during buy-and-bust operations;

> iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

60.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

·     **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

·     **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

·     **Darnell Flood   v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

·     **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

·     **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

·     **Benyamin Taylor v. City of New York,** United States District Court,

Eastern District of New York, 01 CV 5750;

· **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

· **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

· **Alvin Williams v. City of New York**,  United States District Court, Southern District of New York, 05 CV 4013;

61.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JASON MOLINA.

62.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by JASON MOLINA as alleged herein.

63.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JASON MOLINA as alleged herein.

64.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JASON MOLINA was incarcerated unlawfully for three (3) weeks and all charges were dismissed on or about June 4, 2007.

65.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff

JASON MOLINA.

66.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JASON MOLINA's constitutional rights.

67.    All of the foregoing acts by defendants deprived plaintiff JASON MOLINA of federally protected rights, including, but not limited to, the right:

   i. Not to be deprived of liberty without due process of law;

   ii. To be free from seizure and arrest not based upon probable cause;

   iii. To be free from unwarranted and malicious criminal prosecution;

   iv. Not to have cruel and unusual punishment imposed upon him; and

   v. To receive equal protection under the law.

69.    As a result of the foregoing, plaintiff JASON MOLINA is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

   **WHEREFORE**, JASON MOLINA, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       May 26, 2010

                                          BY:_____/S_____
                                          Joshua P. Fitch (JF-2813)
                                          Cohen & Fitch LLP
                                          Attorneys for Plaintiff

225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115