

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

**SHLOMIT AROUBAS**
*Assistant Corporation Counsel*
Tel: (212) 442-2715
Fax: (212) 788-9776
saroubas@law.nyc.gov

June 18, 2010

**BY FAX**
Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-21-10

Re:   Jason Molina v. City of New York, et al.
      10 CV 1370 (VM)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to defend the City of New York and Detective Hidalgo in this matter. Defendants write to respond to plaintiff's application dated June 14, 2010, seeking leave to amend the complaint to name an additional defendant. While Your Honor granted plaintiff's application, defendants respectfully write to give the court a full and accurate record relating to this case and to note their objection to plaintiff's application. In addition, for the reasons set forth herein, defendants respectfully request that the Court reconsiders its ruling and deny plaintiff's application.

      As background, on February 19, 2010, plaintiff filed the instant action alleging, *inter alia*, that he was falsely arrested on February 20, 2007, and that he was maliciously prosecuted following the arrest. The complaint named as defendants the City of New York and Detective Alfredo Hidalgo. On May 14, 2010, defendants City and Hidalgo served and filed its answer to the complaint. On May 28, 2010, the Office of the Corporation Counsel received a copy of an amended summons and amended complaint purporting to add as defendant Detective Matthew Regina. The amended summons, however, was not signed by the Clerk of the Court and did not bear the Court's seal. The amended complaint was also not properly filed with the Court.

      By telephone, on June 14, 2010, defendants notified plaintiff's counsel of the deficiencies of the amended summons and its service upon defendants. More importantly, defendants alerted plaintiff to the fact that since the statute of limitations in this action had

expired, plaintiff is barred from amending the complaint to name additional defendants. Thereafter, by letter to the Court, plaintiff sought leave to amend the complaint to add Detective Regina as a defendant and for additional time to served the amended complaint.

As stated in a foot note in plaintiff's June 14, 2010 application, the applicable statute of limitations in this action has expired. Plaintiff filed the instant action on February 19, 2010, only <u>one day</u> prior to the expiration of the statute of limitation. Plaintiff, however, did not attempt to amend the complaint to name Detective Regina until May 28, 2010, several months after the expiration period. Plaintiff asserts that in a hasty attempt to file the complaint before the expiration of the statue of limitations, he mistakenly omitted Regina's name from the complaint. Thus, plaintiff requests, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, that the Court apply the relations back doctrine on the ground of mistake to allow plaintiff to amend the complaint. However, a "hasty" omission of an additional party is not a mistake that falls within the ambit of permissible mistakes that may be cured under Rule 15(c).

To satisfy Rule 15(c), plaintiff must show that "but for a mistake concerning the proper party's identity," this action would have been brought against Detective Regina as well. Fed. R. Civ. P. 15(c)(1)(C)(ii). As an initial matter, if plaintiff did not know Detective Regina's identity at the time of the filing of the complaint, he is barred from amending the complaint under the relation back doctrine. In the Second Circuit it is well settled that a failure to name a defendant for lack of knowledge does not constitute a mistake for relation back purposes. <u>Jennis v. Rood</u>, 2009 U.S. Dist. LEXIS 3230 **2 (2d Cir. 2009) (quoting <u>Barrow v. Westhersfield Police Department</u>, 66 F. 3d 466, 470 (2d Cir. 1995) (an amendment under Rule 15 (c) will not relate back to the filing of the complaint, "if the newly-added defendants were not named originally because the plaintiff did not know their identities.") However, Courts have permitted the addition of defendants when a plaintiff mistakenly misidentified the wrong party as a defendant. See <u>VKK Corp. v. Nat'l Football League</u>, 244 F.3d 114, 128 (2d Cir. 2001) (finding factual mistake where the original complaint named "Touchdown Jacksonville, Ltd." instead of "Touchdown Jacksonville, Inc.") In this case, plaintiff does not claim that he misidentified the proper party. indeed, plaintiff does not claim that Detective Hidalgo was mistakenly identified in place of Detective Regina.

Instead, plaintiff argues that he mistakenly failed to name an <u>additional</u> necessary defendant. Plaintiff relies on <u>Barrow</u> to argue that Rule 15(c) allows a proposed amendment to relate back if the change is the result of an error, such as a misnomer or misidentification. <u>Barrow</u>, 66 F. 3d at 469. However, plaintiff fails to acknowledge that the Court in <u>Barrow</u> further held that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." <u>Id.</u> at 470; <u>see also</u> <u>Polite v. Town of Clarkstown</u>, 98 Civ. 4284 (CM), 2001 U.S. Dist. LEXIS 1506 **4 (S.D.N.Y. 2001). When plaintiff filed the complaint on February 19, 2010, he anticipated naming additional officers as defendants. Indeed, plaintiff included in the complaint individual "John Doe" defendants clearly indicating that he had a good faith believe that there were other defendants who may have been involved in the incident alleged in the complaint. Thus, plaintiff knew that adding new defendant officers was anticipated and/or necessary. However, the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." <u>Barrow</u>, 66 F.3d at 47; <u>see also</u> <u>Sloan v. Town of Greenburgh</u>, 01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107 *13 (S.D.N.Y. 2005).

2

Plaintiff should not be permitted to name Officer Regina as an additional defendant if he did not know his identity at the time of the filing of the complaint but had anticipated naming additional officers.

Moreover, during a telephone conversation on June 14, 2010, plaintiff's counsel represented that he ascertained the identity of Detective Hidalgo from the criminal court complaint presented to him by plaintiff on February 18, 2010. Thus, at that time, plaintiff and counsel in fact had in their possession the identity of Detective Regina. The criminal complaint, a copy of which is enclosed herein, clearly identifies both Detective Hidalgo and Detective Regina. Even a cursory review of the criminal court complaint would have revealed Detective Regina's name and his involvement in plaintiff's arrest, which is the subject of the instant litigation. Plaintiff's counsel represented that due to a hasty oversight, he failed to see Detective Regina's name and therefore did not name him as a defendant. However, plaintiff cannot benefit from the relation back provision of Rule 15(c), if he did not exercise due diligence in attempting to ascertain the identity of potentially liable parties before the expiration of the statute of limitations. Velez v. Fogarty, 06 Civ. 13186 (LAK)(HBP), 2008 U.S. Dist. LEXIS 96999 *29 (S.D.N.Y. Nov. 20, 2008). "Where a plaintiff fails to timely sue a potentially liable party despite incrimination disclosures made within the statue of limitations, the Court cannot find that a mistake was made for relations back purposes." See Abdell v. City of New York, 05 Civ. 8453 (KMK)(JCF), 2006 U.S. Dist. LEXIS 65222 *21 (S.D.N.Y. 2006); Sepulveda v. City of New York, 01 Civ. 3117 (GBD), 2003 U.S. Dist. LEXIS 15182, *3 (S.D.N.Y. Sept. 2, 2003) (there was no "mistake" concerning the party's identity because the identities of the two officers "were easily discoverable and provided to plaintiff" well before the end of the limitations period). Thus, plaintiff's lack of due diligence should not be rewarded and he should not be permitted, months after the expiration of the statue of limitations, to bring Detective Regina into this lawsuit.

Accordingly, defendants respectfully seek reconsideration of the Court's ruling and ask that plaintiff's application to amend the complaint to add Detective Regina as a defendant be denied.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

Shlomit Aroubas
Assistant Corporation Counsel
Special Federal Litigation Division

Encl.

cc: Joshua Fitch, Esq. (By Fax)
Cohen & Fitch LLP
*Attorney for Plaintiff*

> Plaintiff is directed to respond by 6-25-10 to the request of defendants herein for reconsideration of the Court's Order dated
> SO ORDERED. 6-14-10.
> 6-18-10
> DATE   VICTOR MARRERO, U.S.D.J.

3

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Page 1 of 1

THE PEOPLE OF THE STATE OF NEW YORK | MISDEMEANOR
-against-

1. Jason Molina (M 26)

732164

Defendant.

Detective Alfredo Hidalgo, shield 04445 of the Narcotics Boro Manhattan South, states as follows:

On February 20, 2007, at about 16:00 hours at Delancey Sreet and Sheriff Street in the County and State of New York, the Defendant committed the offenses of:

1.  PL220.03    Criminal Possession of a Controlled Substance in the Seventh Degree
                (1 count)

the defendant knowingly and unlawfully possessed a controlled substance.

The offenses were committed under the following circumstances:

Deponent states that he is informed by Police Officer Matthew Regina, shield #18203 of the Narcotics Boro Manhattan South that informant recovered one bag of Phencyclidine (PCP) from the defendant's right coin pocket.

Deponent further states that he is informed by Police Officer Matthew Regina, shield #18203 of the Narcotics Boro Manhattan South that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests, the odor emanating from the substance and observation of the packaging which is characteristic of this type of drug.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____        _____
Deponent                       Date and Time

ACT 5 Version 4.2.0 Created on 02/20/07 10:01 PM